# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| Annie White, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>      -against-<br><br>Schwans Consumer Brands Inc,<br><br>                Defendant. | Case No. 2:23-cv-00147-BHL<br><br>Honorable Brett H. Ludwig |

## DEFENDANT SCHWANS CONSUMER BRANDS INC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

COMES NOW, Defendant, Schwans Consumer Brands Inc, by and through its undersigned counsel, and files this Motion to Dismiss all claims filed by the Plaintiff, Annie White, with prejudice, for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and its incorporated Memorandum of Law, stating the following in support.

FOLEY HOAG LLP

August T. Horvath 2833234
(*ahorvath@foleyhoag.com*)
1301 Sixth Avenue, 25th Floor
New York, New York 10019
Tel: (212) 812-0344
Fax: (212) 812-0399

*Attorneys for Defendant Schwans Consumer Brands Inc*

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................1

BACKGROUND ....................................................................................................................2

ARGUMENT ..........................................................................................................................3

I.  Nothing in the Product's Labeling or Packaging Would Communicate a Misleading
    Representation to Any Reasonable Consumer..........................................................3

    A.  Legal Standard ..........................................................................................3

    B.  Plaintiff Has No Basis for Her Assumptions about the Product's
        Ingredients or the Label Representations............................................................5

    C.  The Product's Ingredient Statement Complies with Federal and State
        Regulations ................................................................................................10

II.  Plaintiff Has No Standing to Seek Injunctive Relief .........................................................11

III.  Plaintiff's Ancillary Causes of Action Also Fail ................................................................12

CONCLUSION.....................................................................................................................15

i

**C**ASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................2, 4

*Bartosiake v. Bimbo Bakeries USA, Inc.*,
    No. 21-cv-04495, 2022 U.S. Dist. LEXIS 177326, 2022 WL 4552025 (N.D. Ill. 2022)..........7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................................2, 3, 6, 9

*Bell v. Publix Super Mkts., Inc.*,
    982 F.3d 468 (7th Cir. 2020) ................................................................................5, 6

*Biczo v. Ferrara Candy Co.*,
    No. 22-cv-01967, 2023 U.S. Dist. LEXIS 46294, 2023 WL 2572384 (N.D. Ill. 2023)...........7

*Blitz v. Monsanto Co.*,
    317 F. Supp. 3d 1042 (W.D. Wis. 2018) ...............................................................13

*Braun v. Kenosha Cty.*,
    No. 23-CV-422, 2023 U.S. Dist. LEXIS 89607 (E.D. Wis. May 23, 2023).............................3

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
    761 F.3d 732 (7th Cir. 2014) ...............................................................................11

*Castle v. Kroger Co.*,
    No. 21-cv-1171, 2022 U.S. Dist. LEXIS 180378 (E.D. Wis. Oct. 3, 2022)...........4, 12, 13, 14

*Chiappetta v. Kellogg Sales Co.*,
    No. 21-CV-3545, 2022 U.S. Dist. LEXIS 35632, 2022 WL 602505 (N.D. Ill. 2022) .............8

*Cohen v. Minneapolis Jewish Fed'n*,
    No. 16-cv-325, 2017 U.S. Dist. LEXIS 132204 (W.D. Wis. Aug. 18, 2017) .........................5

*Davis v. G.N. Mortg. Corp.*,
    396 F.3d 869 (7th Cir. 2005) .................................................................................4

*Gallego v. Wal-Mart Stores, Inc.*,
    288 Wis. 2d 229, 2005 Wis. App 244, 707 N.W.2d 539 (Wis. Ct. App. 2005) .......................4

*Gardner v. Ferrara Candy Co.*,
    No. 22-cv-1272, 2023 U.S. Dist. LEXIS 48469 (N.D. Ill. Mar. 22, 2023) .............................7

ii

*Guzman v. Walmart Inc.*,
No. 22-cv-3465, 2023 U.S. Dist. LEXIS 84556 (N.D. Ill. May 15, 2023)........................1, 10

*Harris v. Kellogg Sales Co.*,
No. 21-CV-01040, 2022 U.S. Dist. LEXIS 93296, 2022 WL 1641439 (S.D. Ill. 2022)...........7

*Karlinski v. Costco Wholesale Corp.*,
616 F. Supp. 3d 753 (N.D. Ill. 2022) .....................................................................................7

*Lederman v. Hershey Co.*,
No. 21-cv-4528, 2022 U.S. Dist. LEXIS 149339, 2022 WL 3573034 ....................................7

*Lesorgen v. Mondelez Global, LLC*,
No. 3:22-cv-50375, 2023 U.S. Dist. LEXIS 87911 (N.D. Ill. May 19, 2023)....................1, 10

*McCauley v. City of Chicago*,
671 F.3d 611 (7th Cir. 2011) .....................................................................................3, 5, 11

*Myers v. Wakefern Food Corp.*,
No. 20-civ-8470, 2022 WL 603000 (S.D.N.Y. Mar. 1, 2022)..................................................8

*Oldrey v. Nestlé Waters N. Am., Inc.*,
No. 21-cv-3885, 2022 WL 2971991 (S.D.N.Y. July 27, 2022)................................................8

*Red v. Kraft Foods, Inc.*,
No. 10-civ-1028, 2012 U.S. Dist. LEXIS 164461 (C.D. Cal. Oct. 25, 2012) ..........................8

*Reinitz v. Kellogg Sales Co.*,
No. 21-cv-1239, 2022 U.S. Dist. LEXIS 98580, 2022 WL 1813891 (C.D. Ill. 2022) .............7

*Rogers v. Baxter Int'l, Inc.*,
417 F. Supp. 2d 974 (N.D. Ill. 2006), *aff'd*, 521 F.3d 702 (7th Cir. 2008) .............................5

*Rosenberg v. SC Johnson & Son, Inc.*,
No. 20-CV-869, 2021 U.S. Dist. LEXIS 143642 (E.D. Wis. Aug. 2, 2021) ..........................11

*Sensible Foods, LLC v. World Gourmet, Inc.*,
No. 11-2819, 2012 WL 566304 (N.D. Cal. Feb. 21, 2012) .....................................................8

*Smith v. Gen. Mills Sales, Inc.*,
No. 22 CV 1529, 2023 U.S. Dist. LEXIS 35701, 2023 WL 2349908 (N.D. Ill. 2023).............7

*Tropp v. Prairie Farms Dairy, Inc.*,
No. 20-cv-1035, 2021 U.S. Dist. LEXIS 223722 (W.D. Wis. Nov. 19, 2021) ........................4

*Wach v. Prairie Farms Dairy, Inc.*,
No. 21 C 2191, 2022 U.S. Dist. LEXIS 90233, 2022 WL 1591715 (N.D. Ill. 2022)...............7

iii

*Wilson v. Tuxen*,
  2008 312 Wis. 2d 705, 754 N.W.2d 220 (2008) ................................................................13

*Zurliene v. Dreyer's Grand Ice Cream, Inc.*,
  591 F. Supp. 3d 362 (S.D. Ill. 2022) ...............................................................................7

**STATUTES**

MMWA ....................................................................................................................................14

Plaintiff's Magnuson Moss Warranty Act ...........................................................................14

U.C.C. § 2-314(c) ..................................................................................................................14

U.C.C. § 2-314(f) ..................................................................................................................14

Uniform Commercial Code ...................................................................................................13

Wis. Stat. 100.18 ...................................................................................................................13

Wis. Stat. § 100.20 ..................................................................................................................4

Wis. Stat. § 100.183 ................................................................................................................4

Wis. Stat. §402.607(3)(a) .....................................................................................................13

Wisconsin Unfair Trade Practices Act ...................................................................................4

**OTHER AUTHORITIES**

21 C.F.R. § 101.4(a)(1) .........................................................................................................11

21 C.F.R. § 101.4(b)(14) ..............................................................................................2, 10, 11

Rule 9(b) .............................................................................................................................4, 13

Rule 12 ..................................................................................................................................1, 5

Wis. Admin. Code § ATCP 90.10(1) ...............................................................................10, 11

## INTRODUCTION

This is one of many cases recently filed by Plaintiff's counsel in courts across the country, alleging that an ingredient featured on the packaging of various food or beverage products is present in too small of an amount, even though no quantity is stated or implied by the challenged marketing claim. Judges in the Northern District of Illinois have noted that the vast majority of these cases are dismissed when challenged on a Rule 12 motion, and have criticized the persistent filing of these cases as a frivolous and possibly sanctionable abuse of the judicial system. *See Guzman v. Walmart Inc.*, No. 22-cv-3465, 2023 U.S. Dist. LEXIS 84556, at *6 (N.D. Ill. May 15, 2023); *Guzman*, No. 22-cv-3465 (Dkt. 24, Response to Order, May 19, 2023) (listing 181 such cases filed by Plaintiff's counsel since 2020, including this case); *Lesorgen v. Mondelez Global, LLC*, No. 3:22-cv-50375, 2023 U.S. Dist. LEXIS 87911, at *11 (N.D. Ill. May 19, 2023) (agreeing with *Guzman* court). Plaintiff's counsel's litigation campaign has now metastasized into the Western District of Wisconsin. This case should be dismissed, and Plaintiff's discredited legal theory rejected, before it can spread further.

This lawsuit is based on a single, factually true statement appearing on the label of Mrs. Smith's® Original Flaky Crust Apple Pie (the "Product"), sold by Defendant Schwans Consumer Brands Inc ("Schwan's" or "Defendant"). The statement is "Made with Real Butter." Plaintiff does not dispute that the Product is made with real butter. Rather, Plaintiff claims that Schwan's has falsely implied that the Product contains some specific amount of butter which Plaintiff does not specify, but which is nonetheless greater than the amount that her unfounded speculation leads her to allege is actually there. All of her claims are factually baseless, legally deficient and should be dismissed for a variety of reasons.

1

First, Plaintiff's Complaint fails the plausibility test and should be dismissed under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff has not plausibly alleged that the statement "Made with Real Butter" is likely to deceive a reasonable consumer into believing the Product contains any particular amount of butter. Nor does she plausibly allege that the Product contains less butter than whatever amount she has in mind. Her "method" of deducing the amount of butter in the Product is based on unwarranted inferences drawn from the Product's Nutrition Facts panel.

Second, Plaintiff's claim that the Product's ingredient list does not comply with applicable regulations is entirely conclusory. She claims that the Product's ingredient statement does not list ingredients in descending order of predominance by weight because, if it had, butter would have taken a different placement in the ingredient statement. However, she pleads no facts to suggest that butter was improperly placed in the ingredient statement according to its predominance by weight. Third, Plaintiff's claim that Schwan's was not permitted to name its shortening blend as "Shortening Butter Blend" because it is a combination of vegetable oil and butter is flatly incorrect. Calling the blend as such is expressly permitted by 21 C.F.R. § 101.4(b)(14). Fourth, Plaintiff's ancillary causes of action suffer from other fatal defects in pleading elements of the claim.

## BACKGROUND

Schwan's, through itself and its affiliates, produces, markets, and sells frozen desserts under the brand name Mrs. Smith's®. *See* Dkt. 1 ¶ 1. Packaging for the Product contains, among other things, the claim "Made with Real Butter." *Id*. Labeling for the Product displays an ingredient statement, reproduced in the Complaint (Dkt. 1 ¶ 29):

2

CRUST: WHEAT FLOUR, SHORTENING BUTTER BLEND (PALM OIL, BUTTER [CREAM, SALT]), PALM OIL, WATER, SOYBEAN OIL, SALT, DEXTROSE, YEAST, MONO- AND DIGLYCERIDES, APPLE JUICE CONCENTRATE.

Plaintiff does not dispute that the statement "Made with Real Butter" is literally true and accurate. Plaintiff also does not dispute, and indeed affirmatively alleges, that butter in a food product is valued for its own positive qualities, regardless of what else is or is not in the product. Dkt. 1 ¶¶ 12-14.

## ARGUMENT

### I. Nothing in the Product's Labeling or Packaging Would Communicate a Misleading Representation to Any Reasonable Consumer

Based on the facts pled by Plaintiff, there is no plausible basis to allege that the Product misrepresents its ingredients, expressly or by implication.

#### A. Legal Standard

Courts engage in a two-part analysis when determining the sufficiency of a complaint. *Braun v. Kenosha Cty.,* No. 23-CV-422, 2023 U.S. Dist. LEXIS 89607, at *4 (E.D. Wis. May 23, 2023) (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). First, a court must accept the well-pled facts in the complaint as true, while separating out legal conclusions and conclusory allegations. *McCauley*, 671 F.3d at 616. After excising the allegations not entitled to the presumption, courts will determine whether the remaining factual allegations "plausibly suggest an entitlement to relief." *Id.* (citing *Twombly,* 550 U.S. at 554-555 and *Iqbal*, 556 U.S. at 68). This obligation requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3

Courts in Wisconsin have dismissed false advertising claims brought under Wis. Stat. § 100.20[1] as a matter of law when "plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." *Tropp v. Prairie Farms Dairy, Inc.*, No. 20-cv-1035, 2021 U.S. Dist. LEXIS 223722, at *14-15 (W.D. Wis. Nov. 19, 2021) (citing *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 477 (7th Cir. 2020)). Courts use the "reasonable consumer" standard when assessing false advertising claims under Wis. Stat. § 100.20 (*Tropp*, 2021 U.S. Dist. LEXIS 223722 at *10 n.4) (finding that the reasonable consumer standard applies in the context of Wis. Stat. § 100.20, which prohibits "untrue, deceptive, or misleading' statements in the context of advertising."). Under this "reasonable consumer" standard, the allegedly deceptive act must be looked upon in light of the totality of the information made available to the plaintiff. *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 884 (7th Cir. 2005).

With respect to claims for fraud, Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b)'s heightened pleading standard ordinarily requires describing the "who, what, when, where, and how' of the fraud," and applies to all averments of fraud. *Cohen v. Minneapolis Jewish Fed'n,* No. 16-cv-325, 2017 U.S. Dist. LEXIS 132204, at *7 (W.D. Wis. Aug. 18, 2017) (citing *Camasta v. Jos. A.*

---

[1] Plaintiff identifies Wis. Stat. § 100.20 as the "Wisconsin Unfair Trade Practices Act ('UTPA')," although Plaintiff's counsel has been reminded in prior cases that "neither the statute itself nor case law construing it have given the statute that name." *Castle v. Kroger Co.*, No. 21-cv-1171, 2022 U.S. Dist. LEXIS 180378, at *13 n.3 (E.D. Wis. Oct. 3, 2022) (citing *Tropp*, No. 20-cv-1035, 2021 U.S. Dist. LEXIS 223722, at *2 n.1). Moreover, Plaintiff does not specifically allege a violation of Wis. Stat. § 100.20, but rather alleges that the Product "violates Wis. Stat. § 100.183," (Dkt. 1 ¶ 79) and other statutes that do not provide a private cause of action. *Gallego v. Wal-Mart Stores, Inc.*, 288 Wis. 2d 229, 235, 2005 Wis. App 244, ¶ 7, 707 N.W.2d 539, 542 (Wis. Ct. App. 2005). Schwan's will address the sufficiency of the Complaint under Wis. Stat. § 100.20 despite these pleading deficiencies.

*Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014)); *Rogers v. Baxter Int'l, Inc.*, 417 F. Supp. 2d 974, 984 (N.D. Ill. 2006), *aff'd*, 521 F.3d 702 (7th Cir. 2008).

### B. Plaintiff Has No Basis for Her Assumptions about the Product's Ingredients or the Label Representations

All of Plaintiff's claims fail because she alleges no actionable misrepresentation. Plaintiff's central allegations are unsupported by any credible factual basis. As noted above, the Court need not credit conclusory allegations in deciding a Rule 12 motion. *McCauley*, 671 F.3d at 616; *see also Bell v. Publix*, 982 F.3d at 475 (acknowledging courts have used common-sense arguments when dismissing labeling claims when no reasonable consumer could believe a plaintiff's alleged interpretation).

Plaintiff alleges that the packaging claim of "Made with Real Butter" implies that butter is present in a certain amount, never defining in any quantifiable way what that means. Dkt. 1 ¶¶ 30, 31, 38, 39, 78, 83, 90, 93, 94, 95, 102, 103, 110. This is not a plausible nor reasonable inference from the simple statement "Made with Real Butter," especially accompanied by the ingredient statement that accurately sets forth the ingredients in order of predominance. A reasonable consumer would read "Made with Real Butter" label and accept it for whatever value the presence of butter has for that consumer. Given that the "Made with Real Butter" claim itself provides no information about the amount or predominance of butter in the Product, if a consumer were curious as to the proportion of butter relative to other ingredients, they would check the ingredient statement. Plaintiff's theory about the representation "Made with Real Butter," that it somehow suggests a specific "absolute and relative amount [of butter] to shortening ingredients" (Dkt. 1 ¶ 31), is precisely the type of unreasonable interpretation that merits dismissal at the pleading stage. Courts in this Circuit frequently reject strained allegations, like Plaintiff's, that representations about the presence of an ingredient somehow

5

misleadingly suggest an amount of that ingredient, or the absence of some other ingredient.

For instance, in a similar case *Ledezma v. Upfield*, the plaintiff claimed that the "With Olive Oil" statement and the images of olive branches on the defendant's buttery spread product misled consumers into believing that the product had more olive oil than it actually had. No. 22 C 1618, 2022 U.S. Dist. LEXIS 197449, at *3 (N.D. Ill. Oct. 31, 2022). The *Ledezma* court dismissed the claims because "[a] reasonable consumer could not take those representations to mean that the product necessarily contains a particular amount of olive oil or more olive oil than vegetable oils." *Id.* at *7, *10-11. Like the buttery spread in *Ledezma*, which made no representation as to the amount of olive oil present, the Product here makes no representation that any absolute or relative quantity of butter is present.

The *Ledezma* court rejected the contention that its ruling was inconsistent with the Seventh Circuit's decision in *Bell v. Publix*, where the Seventh Circuit cautioned "that a rule that immunized any ambiguous label so long as it is susceptible to one non-deceptive interpretation would validate highly deceptive advertising." 982 F.3d at 477. The *Ledezma* court found *Bell* inapposite because *Bell* concerned front-of-product labeling that was inherently misleading or at least ambiguous, whereas none of the representations on the label at issue "even obliquely suggest[ed] that the product contains a particular amount of olive oil, let alone the unspecified greater amount of olive oil expected by Ledezma. There is therefore no need to look to the ingredient list to clear up any potentially deceptive misrepresentation." *Ledezma*, 2022 U.S. Dist. LEXIS 197449 at *9.

Courts in the Seventh Circuit repeatedly dismiss claims that a product contained only a *de minimis* amount of an ingredient when the packaging itself did not promise more. *See, e.g., Gardner v. Ferrara Candy Co.*, No. 22-cv-1272, 2023 U.S. Dist. LEXIS 48469, at *12 (N.D. Ill.

6

Mar. 22, 2023) (dismissing claim that reasonable consumers expect more than a *de minimis* amount of milk fat ingredients in caramel candy); *Biczo v. Ferrara Candy Co.*, No. 22-cv-01967, 2023 U.S. Dist. LEXIS 46294, 2023 WL 2572384, at \*2 (N.D. Ill. 2023) (same); *Smith v. Gen. Mills Sales, Inc.*, No. 22 CV 1529, 2023 U.S. Dist. LEXIS 35701, 2023 WL 2349908, at \*2-3 (N.D. Ill. 2023) (rejecting the argument that reasonable consumers expect more than a *de minimis* amount of cheese in frozen pizza rolls); *Bartosiake v. Bimbo Bakeries USA, Inc.*, No. 21-cv-04495, 2022 U.S. Dist. LEXIS 177326, 2022 WL 4552025, at \*3 (N.D. Ill. 2022) (rejecting the argument that reasonable consumers expect more than a *de minimis* amount of dairy products in a chocolate fudge cake); *Lederman v. Hershey Co.*, No. 21-cv-4528, 2022 U.S. Dist. LEXIS 149339, 2022 WL 3573034, at \*9 (rejecting the argument that reasonable consumers expect more than a *de minimis* amount of dairy ingredients in a fudge topping); *Karlinski v. Costco Wholesale Corp.*, 616 F. Supp. 3d 753, 758-59 (N.D. Ill. 2022) (rejecting the argument that reasonable consumers expect more than a *de minimis* amount of chocolate, vanilla beans, and almonds in an ice cream bar); *Reinitz v. Kellogg Sales Co.*, No. 21-cv-1239, 2022 U.S. Dist. LEXIS 98580, 2022 WL 1813891, at \*4 (C.D. Ill. 2022) (rejecting the argument that reasonable consumers expect more than a *de minimis* amount of milk fat in fudge Pop-Tarts); *Harris v. Kellogg Sales Co.*, No. 21-CV-01040, 2022 U.S. Dist. LEXIS 93296, 2022 WL 1641439, at \*2 (S.D. Ill. 2022) (rejecting the argument that reasonable consumers expect more than a *de minimis* amount of strawberries in strawberry-flavored Pop-Tarts); *Wach v. Prairie Farms Dairy, Inc.*, No. 21 C 2191, 2022 U.S. Dist. LEXIS 90233, 2022 WL 1591715, at \*3-6 (N.D. Ill. 2022) (rejecting the argument that reasonable consumers expect more than a *de minimis* amount of vanilla in vanilla-flavored ice cream); *Zurliene v. Dreyer's Grand Ice Cream, Inc.*, 591 F. Supp. 3d 362, 365 (S.D. Ill. 2022) (rejecting the argument that reasonable consumers

expect more than a *de minimis* amount of chocolate in ice cream bars); *Chiappetta v. Kellogg Sales Co.*, No. 21-CV-3545, 2022 U.S. Dist. LEXIS 35632, 2022 WL 602505, at *4-5 (N.D. Ill. 2022) (rejecting the argument that reasonable consumers expect more than a *de minimis* amount of strawberries in strawberry-flavored Pop-Tarts).  Other federal courts have also dismissed similar claims where the plaintiffs have alleged that "made with" ingredient claims were misleading.  These courts have held that such statements are factually true and not deceptive as a matter of law if the product indeed contains a *non-de minimis* amount of the ingredient.  *See e.g.*, *Oldrey v. Nestlé Waters N. Am., Inc.*, No. 21-cv-3885, 2022 WL 2971991 (S.D.N.Y. July 27, 2022) (dismissing case because it would be unreasonable to assume that "with a twist of raspberry lime" and "real raspberry lime flavor" labeling on water made any claim about amount or predominance of raspberry and lime); *Red v. Kraft Foods, Inc.*, No. 10-civ-1028, 2012 U.S. Dist. LEXIS 164461, at *10-12 (C.D. Cal. Oct. 25, 2012) (reasonable consumer not likely to be deceived into believing that "made with real vegetables" for crackers meant product contains a significant amount of vegetables, because reasonable consumers know crackers are not composed primarily of fresh vegetables); *Sensible Foods, LLC v. World Gourmet, Inc.*, No. 11-2819, 2012 WL 566304 at *16-20 (N.D. Cal. Feb. 21, 2012) ("Veggie Straws" and "Apple Straws" for snack foods made primarily of potatoes not deceptive because the products indeed contained vegetables and apples); *Myers v. Wakefern Food Corp.*, No. 20-civ-8470, 2022 WL 603000, at *11 (S.D.N.Y. Mar. 1, 2022) (concluding that a product's "vanilla" label would not lead a reasonable consumer to understand its flavor to be derived mostly or exclusively from the vanilla bean).

    Even if the Product's "Made with Real Butter" statement did imply a specific amount of butter, Plaintiff never plausibly pleads any facts in support of her contention that the Product

actually contains only a "*de minimis* or negligible" of butter. These allegations contain only an incoherent mash-up of unwarranted assumptions and speculation about the proportions of ingredients. Plaintiff attempts to deduce the amount of butter in the Product in part from the Product's FDA-mandated Nutrition Facts panel and some unspecified extrapolation "based on the amount of nutrients and vitamins commonly found in butter." Dkt. 1 ¶ 40. This is not an accepted, scientifically valid, proper, or rational method of deducing the amount of butter in any food product. Plaintiff's uninformed speculation cannot produce anything approaching an accurate estimate of the butter content of the Product. It also does not provide any plausible basis, under *Twombly*, for Plaintiff's allegations that the Product contains only a negligible amount of butter.

Plaintiff's counsel is aware, from discovery that has taken place in a different action in the U.S. District Court for the Eastern District of New York, from which this case has been largely copied, that there is much more butter in the Product's crust than Plaintiff alleges. Despite knowing this information, Plaintiff chose to open this matter, pleading low quantities of butter that her counsel knows is contradicted by Schwan's formulations (i.e., that butter is present in "de minimis or negligible" amounts) (Dkt. 1 ¶ 31).[2]

Allegations such as the ones Plaintiff is making are so baseless, so frivolous and so routinely dismissed that at least one court in this circuit held that they might warrant sanctions. In *Guzman v. Walmart Inc.* – a case brought by Plaintiff's counsel challenging the statement "mayo with olive oil" on a jar of mayonnaise making essentially the same allegations here–

---

[2] Schwan's presently contests the sufficiency of Plaintiff's Complaint on its face, without introducing evidence beyond the pleadings, but will take up this serious issue of good-faith pleading at a later time, if appropriate.

noted that the case law rejecting Plaintiff's theory was so large that the court "[f]rankly, [didn't] have time to write the full string cite of cases where the theory of the case by Plaintiff's counsel didn't get off the ground."  No. 22-cv-3465, 2023 U.S. Dist. LEXIS 84556, at *6 (N.D. Ill. May 15, 2023).  As of this writing, Judge Seeger is considering whether to impose sanctions on Plaintiff's counsel in that case, including the defendant's attorneys' fees, given that Plaintiff's counsel "has become a wrecking ball when it comes to imposing attorneys' fees on other people" and that "at some point, even lawyers have to internalize the costs of their own behavior."  *Id.* at *9-10.  Judge Johnston, in the same district, echoed Judge Seeger's sentiments in dismissing Plaintiff's counsel's case regarding the mint flavoring of a chewing gum, and may be considering similar action.  *See Lesorgen v. Mondelez Global, LLC*, No. 3:22-cv-50375, 2023 U.S. Dist. LEXIS 87911, at *11 (N.D. Ill. May 19, 2023).

### C.    The Product's Ingredient Statement Complies with Federal and State Regulations.

The Product's ingredient list does not run afoul of Wis. Admin. Code § ATCP 90.10(1) because it complies with federal regulations relating to ingredient statements on food products. 21 C.F.R. § 101.4(b)(14) states:

> blends of fats and/or oils may be designated in their order of predominance in the foods as "——— shortening" or "blend of ——— oils", the blank to be filled in with the word "vegetable", "animal", "marine", with or without the terms "fat" or "oils", or combination of these, whichever is applicable if, immediately following the term, the common or usual name of each individual vegetable, animal, or marine fat or oil is given in parentheses, e.g., "vegetable oil shortening (soybean and cottonseed oil)"

The Product's shortening consists of a blend of vegetable oil and butter and is labeled as a "Shortening Butter Blend, immediately followed by the common or usual name of each individual vegetable and animal fat (i.e. vegetable oil and butter) in parentheses.  Dkt. 1 ¶ 29.

10

Therefore, the ingredient list thus complies with 21 C.F.R. § 101.4(b)(14) and, in consequence, Wis. Admin. Code § ATCP 90.10(1).

Moreover, Plaintiff provides no factual basis whatsoever for her claim that the Product's ingredient statement does not list the ingredients in order of predominance by weight as required by 21 C.F.R. § 101.4(a)(1). Dkt.1 ¶¶ 32, 38. Plaintiff's assertion that butter would not be listed in the order it was had the ingredients been listed in order of predominance is entirely conclusory since it is based "in part on analysis of the Nutrition Facts and ingredient list, based on the amount of nutrients and vitamins commonly found in butter." Dkt. 1 ¶40. Plaintiff provided no other factual basis whatsoever for that assertion and should thus be given no consideration. *See McCauley*, 671 F.3d at 616.

> **II.    Plaintiff Has No Standing to Seek Injunctive Relief.** Plaintiff has no standing to seek injunctive relief because she failed to show that she will likely suffer harm from the Product's label. She merely stated that she "intends to, seeks to, and will purchase the Product again when she can do so with the assurance its representations are consistent with its abilities, attributes, and/or composition." Dkt. 1 ¶ 65.

Courts in Wisconsin follow the well-accepted rule articulated in *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740-41 (7th Cir. 2014), which posits that "the standing inquiry for the purpose of injunctive relief is probabilistic, i.e., is there 'likelihood' that some harm will be suffered by the plaintiff in the future." *Rosenberg v. SC Johnson & Son, Inc.*, No. 20-CV-869, 2021 U.S. Dist. LEXIS 143642, at *9 (E.D. Wis. Aug. 2, 2021) (citing *Le v. Kohls Dep't Stores, Inc.*, 160 F. Supp. 3d 1096, 1111 (E.D. Wis. 2016)). The *Rosenberg* court found that the plaintiffs lacked standing for injunctive relief because they merely advanced a conditional

statement that the plaintiffs would buy the products again *if* they were assured that they did not contain toxic components. No. 20-CV-869 at *9-10. Accordingly, Plaintiff's claim for injunctive relief should be similarly dismissed.

**III.** **Plaintiff's Ancillary Causes of Action Also Fail. <u>Negligent Misrepresentation and Fraud.</u>** Courts in Wisconsin follow the economic loss doctrine, which posits that "a commercial purchaser of a product cannot recover solely economic losses from the manufacturer under negligence or strict liability theories . . ." *Castle v. Kroger Co.*, No. 21-cv-1171, 2022 U.S. Dist. LEXIS 180378, at *41 (E.D. Wis. Oct. 3, 2022) (quoting *Chris Hinrichs & Autovation Ltd. v. Dow Chem. Co.*, 389 Wis. 2d 669, 687, 937 N.W.2d 37, 46)). The only exception to the economic loss doctrine is the "fraud in the inducement exception" through which a plaintiff must plead that (1) that the defendant engaged in an intentional misrepresentation; (2) that the misrepresentation occurred before the contract was formed; and (3) that the alleged misrepresentation was extraneous to the contract." *Id.* at *42 (quoting *Chris Hinrichs,* 389 Wis. 2d at 689)). Plaintiff cannot plead the "fraud in the inducement" exception because (1) there is no privity of contract between the Plaintiff and Schwan's since she did not purchase the Product directly from Schwan's and (2) because she (similar to the plaintiff in *Castle*) cannot plead that Defendant's alleged misrepresentation did not relate to the quality or characteristics of the apple pie she purchased. *Castle,* No. 21-cv-

12

1171, 2022 U.S. Dist. LEXIS 180378, at *42. Therefore, Plaintiff's negligent misrepresentation and fraud[3] claims fail.

**Breach of Express or Implied Warranty**. The Uniform Commercial Code, as adopted by Wisconsin, requires that a plaintiff provide a defendant with notice of a breach of warranty "within a reasonable time after he discovers or should have discovered any breach or be barred from any remedy." Wis. Stat. §402.607(3)(a). This notice serves two purposes: "first, notice informs the seller of a defect in the good and gives the seller an opportunity to remedy the defect. Second, the notice serves to advise the seller that 'the buyer considers him [or her] . . . responsible to remedy a troublesome situation.'" *Blitz v. Monsanto Co.*, 317 F. Supp. 3d 1042, 1054 (W.D. Wis. 2018) (internal citations and quotations omitted). Wisconsin courts do not recognize any exception to the notice requirement and have held that such notice is a condition precedent to a right of recovery. *Id.* (citing *Barlow v. Devilbiss Co.*, 214 F. Supp. 540, 544 (E.D. Wis. 1963)); *Wilson v. Tuxen*, 2008 312 Wis. 2d 705, 734-35, 754 N.W.2d 220, 233-34 (2008). Plaintiff failed to provide the pre-suit notice to Schwan's required to bring express or implied warranty claims. Plaintiff merely pled that she "provided or will provide notice to defendant, its agents, representatives, retailers and their employees," Dkt. 1 ¶ 99, which is ineffective because it is the equivalent of not providing any notice at all. *See Blitz,* 317 F. Supp. at 1055. Accordingly, Plaintiff's implied and express warranty claims should be dismissed. *See Castle,* No. 21-cv-1171, 2022 U.S. Dist. LEXIS 180378 at *50.

---

[3] Plaintiff's fraud claim would also fail under Rule 9(b) of the Federal Rules of Civil Procedure because it was pled with no particularity. Plaintiff merely asserted in a single sentence that she, in the alternative, brings her claim pursuant to Wis. Stat. 100.18. Dkt. 1 ¶87.

Plaintiff's claim for breach of implied warranty of merchantability must be dismissed because Plaintiff did not allege that the Product is not of merchantable quality. A breach of the implied warranty of merchantability occurs only when a product is "unfit for the ordinary purposes for which such goods are used" (U.C.C. § 2-314(c)) – in this case, unfit for human consumption. Plaintiff does not and cannot plead this. The only other plausible argument for a breach of implied warranty of merchantability is that the Product does not "conform to the promise or affirmations of fact made on the container or label" (U.C.C. § 2-314(f)), which is tantamount to an express warranty, and requires a literal affirmation or promise. These, again, were not pled; Plaintiff's case is based entirely on implied, not express, claims.

Plaintiff's Magnuson Moss Warranty Act ("MMWA") claim should also be dismissed because Plaintiff does not identify statements on the label that warrant a product free from defect, nor does the Product's label contain any statement constituting a promise that it will meet a specified level of performance. *Castle* No. 21-cv-1171, 2022 U.S. Dist. LEXIS 180378 at *55-56. Plaintiff's MMWA claim should also be dismissed because her breach of warranty claims also fail. "[T]he Seventh Circuit has held that the MMWA depends on the existence of an underlying viable state-law warranty claim, and so the two claims can be evaluated together and succeed or fail together." *Id.* (citing *Karlinski*, 616 F. Supp. 3d at 765-66).

**<u>Unjust Enrichment</u>**. "A plaintiff cannot bring her unjust enrichment claim if it is derivative of and predicated on a statutory claim available to the plaintiff." *Castle*, No. 21-cv-1171, 2022 U.S. Dist. LEXIS 180378 at *57 (citing *Smith v. RecordQuest*, LLC, 989 F.3d 513, 520 (7th Cir. 2021)). Plaintiff's unjust enrichment claim is predicated on the alleged misrepresentations made on the Product's label. Dkt. 1 ¶ 112. Since the Product's label is in no way misleading, Plaintiff's unjust enrichment claim fails along with the rest of her claims.

14

**CONCLUSION**

For the foregoing reasons, Schwan's respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety.

Dated: June 6, 2023                                 Respectfully submitted,

                                                    */s/ August T. Horvath*
                                                    August T. Horvath 2833234
                                                    *ahorvath@foleyhoag.com*
                                                    FOLEY HOAG LLP
                                                    1301 Sixth Avenue, 25th Floor
                                                    New York, New York 10019
                                                    Tel: (212)812-0344
                                                    *Attorneys for Defendant Schwans Consumer*
                                                    *Brands Inc*

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th day of June 2023, a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service via ECF.

_/s/ August T. Horvath_
August T. Horvath